JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
        E-mail: ndrey@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XTREME INC., a California Corporation d/b/a XPRITE USA; ZONGXIAN LIU, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  5:17-cv-01335<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)]; and**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiffs BMW of North America, LLC ("BMW NA"), and Bayerische Motoren Werke AG ("BMW AG") (collectively "Plaintiffs"), to hereby file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendants XTREME INC. d/b/a XPRITE USA, ZONGXIAN LIU, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.  BMW NA's Technology Office, Western Region Office, Group Representative Office, Engineering and Emission Test Center, and Training Center are all located in California.  Additionally, one of BMW NA's four Vehicle Distribution Centers and two of its six Parts Distribution Centers are located in California.  BMW NA also has more than fifty (50) dealerships throughout the state of California.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation. BMW (US) Holding Corporation is an indirectly wholly-owned subsidiary of BMW AG.

2.     Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and at all intervening times, a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

3.     Plaintiffs are informed and believe that Defendant XTREME INC., (hereinafter "XTREME") is now, and was at the time of the filing of this Complaint, and at all intervening times, an active California corporation doing business as XPRITE USA with its principal place of business located at 13825 Benson Ave, Chino, California.

4.     Plaintiffs are informed and believe that Defendant ZONGXIAN LIU (hereinafter "LIU") is now, and was at the time of the filing of this Complaint, an

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1    individual residing in Chino, California.

2        5.    Plaintiffs are informed and believe that LIU is the owner of XTREME,

3    controlling and supervising its business operations and deriving a direct financial

4    benefit from the same.

5        6.    Defendant XTREME did not and do not have sufficient funding to

6    assume responsibility for their foreseeable and actual liabilities.

7        7.    Plaintiffs are informed and believe that since the time of their

8    creation, now, and at all times relevant to this Complaint, Defendant XTREME

9    was undercapitalized.

10       8.    Plaintiffs are informed and believe that since the time of their

11   creation, now, and at all times relevant to this Complaint, Defendant XTREME

12   failed to observe corporate formalities required by law.

13       9.    Plaintiffs further allege, on information and belief, that Defendant

14   LIU is the alter ego of Defendant XTREME and that Defendant LIU personally

15   directed and benefited from the infringing activities of Defendant XTREME.

16       10.    The true names and capacities, whether individual, corporate,

17   associate or otherwise, of defendants herein named as Does 1-10, inclusive, are

18   unknown to Plaintiffs.  Plaintiffs therefore sue said Doe defendants by such

19   fictitious names. When the true names and capacities of said Doe defendants have

20   been ascertained, Plaintiffs will amend this pleading accordingly.

21       11.    Plaintiffs further allege that Defendants XTREME, LIU, and Does 1-

22   10, inclusive, sued herein by fictitious names, are jointly, severally and

23   concurrently liable and responsible with one another upon the causes of action

24   hereinafter set forth.

25       12.    Plaintiffs are informed and believe and thereon allege that at all times

26   mentioned herein Defendants XTREME, LIU, and Does 1-10, inclusive, and each

27   of them, were the agents, servants and employees of every other defendant and the

28   acts of each defendant, as alleged herein, were performed within the course and

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1   scope of that agency, service or employment.

2   ### JURISDICTION / VENUE

3       13.   This Court has jurisdiction over the subject matter of the First, Second,

4   and Third Causes of Action (violation of the Lanham Act) pursuant to 15 U.S.C.

5   §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

6       14.   This Court has personal jurisdiction over Defendants as Defendants

7   conduct business from a principal place of business within this jurisdiction and

8   have committed the tortious activities of trademark and patent infringement and

9   unfair competition in this district.  Defendants have sufficient minimum contacts

10   with this district such that the exercise of jurisdiction over Defendants by this

11   Court does not offend traditional notions of fair play and substantial justice.

12   Among other things, Defendants have advertised, offered to sell, sold, and

13   distributed products that infringe the trademarks and design patents of Plaintiffs to

14   consumers from this judicial district for Defendants' own commercial gain and

15   have exploited California's extensive marketplace, wherein Plaintiffs maintain

16   substantial business contacts and financial interests.

17       15.   Additionally, supplemental jurisdiction exists over Defendants

18   because, on information and belief, Defendants conduct business in California and

19   in this judicial district, have purposefully directed action to California and this

20   district, or have otherwise availed themselves of the privileges and protections of

21   the laws of the State of California, such that this Court's assertion of jurisdiction

22   over Defendants does not offend traditional notions of fair play and due process.

23       16.   Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C.

24   §1391(b) because, on information and belief, a substantial part of the events or

25   omissions giving rise to these claims occurred in this judicial district, and has

26   caused damage to Plaintiffs in this district.

27   / / /

28   / / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**GENERAL ALLEGATIONS**

**Plaintiffs and their Well-Known BMW® Brand and Products**

17.     Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicles, wheels, parts, seat belt buckle clips, floor mats, anti-slip mats, mileage readers, DVD compact disc players, watches, clothing, MP3 players, PC port hubs, lighters, ash trays, USB flash memory drives, key-chains, pocket wallets, phone cases, car stickers and badges, car key cases, car key bags, driving license cases, brake pedal covers, storage basins, and a variety of other products under various trademarks, including but not limited to the BMW® marks. Plaintiffs' BMW®-branded products and marks have achieved great success since their introduction at least as of 1955 and 1987, respectively.

18.     Plaintiffs' motor vehicles and related products have earned a reputation for innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of their BMW® marks and products.  Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

19.     Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line.  A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' BMW® marks.

20.     As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the BMW® motor vehicles, the BMW® marks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW® marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1   public as a result of such association.  Indeed, the BMW® marks are famous in the

2   United States and around the world.

3   **Plaintiffs' Registered Trademarks**

4   21.   While Plaintiffs have gained significant common law trademark and

5   other rights in their BMW® products and services through their use, advertising

6   and promotion, Plaintiffs have also protected their valuable rights by filing for and

7   obtaining numerous federal trademark registrations. This includes registrations for

8   the following non-exhaustive list of Plaintiffs' trademarks registered with the

9   United States Patent and Trademark Office ("USPTO"):

10         i.      USPTO Reg. No.: 0,611,710, registered September 6, 1955;



14         ii.     USPTO Reg. No.: 0,613,465, registered October 4, 1955;

20         iii.    USPTO Reg. No.: 1,450,212, registered August 4, 1987;



**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1       iv.     USPTO Reg. No.: 2,816,178, registered February 24, 2004;

**BMW**

v.     USPTO Reg. No.: 4,293,991, registered February 26, 2013;

vi.     USPTO Reg. No.: 1,438,545, registered August 5, 1987;

vii.     USPTO Reg. No.: 3,526,899, registered November 4, 2008;

viii.    USPTO Reg. No.: 3,767,662, registered March 30, 2010; and

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

ix.    USPTO Reg. No.: 3,767,663, registered March 30, 2010 (collectively "BMW® Trademarks")`



22.    Plaintiffs have never authorized or consented to Defendants' use of the BMW® Trademarks, or any confusingly similar marks by Defendants. Also, Plaintiffs have never authorized Defendants to copy, manufacture, import, market, sell, or distribute any BMW® products.

### Defendants' Wrongful and Infringing Conduct

23.    Particularly in light of the success of Plaintiffs' products, as well as the outstanding reputation they have gained, Plaintiffs and its products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on the goodwill, reputation and fame Plaintiffs has spent considerable effort and resources to build up in their products and marks.

24.    Defendants use, amongst other things, the Internet website known as Amazon.com to advertise for sale, sell and distribute products, including counterfeit hard goods using and bearing BMW® Trademarksto consumers.

25.    Beginning on a date that is currently unknown to Plaintiffs and continuing to the present, Defendants have, without the consent of Plaintiffs, offered to sell and sold within the United states (including within this judicial district) goods that were neither made by Plaintiffs nor by a manufacturer authorized by Plaintiffs (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the BMW® Trademarks.

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

26.     On information and belief, Plaintiffs further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

27.     On or about March 25, 2017, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs made a test purchase of a Car Door Laser Projector Ghost Shadow Step Light for $18.48, featuring BMW® Trademarks from the Xprite USA storefront on Amazon.com, that originated from XTREME INC. The product was shipped directly to Plaintiffs from XTREME's place of business in Chino, California.   A true and correct image of the Amazon.com advertisement utilized by Defendants appears below:



28.     Through Amazon.com, Defendants regularly and systematically advertised, marketed, distributed and sold a presently unknown quantity of counterfeit car door projector lights with accessories bearing the BMW® Trademarks to consumers.

29.     The car door projector lights and accompanying accessories purchased and received from Defendants through Amazon were inspected by Plaintiffs to determine authenticity. Plaintiffs inspection of the purchased items confirmed that

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

the items Defendants sold were in fact counterfeit BMW® products infringing upon the BMW® Trademarks.

30.  Based on the known conduct of Defendants' marketing, advertising, offering for sale, and sale of counterfeit products infringing on the BMW® Trademarks, Defendants are likely also offering for sale and selling other relevant and related infringing products that will be disclosed during the discovery process.

31.  By these sales and, on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights to the BMW® Trademarks and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the BMW® Trademarks to confuse consumers and aid in the promotion and sales of its unauthorized goods.

32.  Defendants' conduct and use began long after Plaintiffs' adoption and use of its BMW® Trademarks, after Plaintiffs obtained the trademark registrations alleged above, and after the BMW® Trademarks became famous.  Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute Plaintiffs' marks and products. Neither Plaintiffs nor any authorized agents have consented to Defendants' use of BMW® Trademarks in the manner complained of herein.

33.  Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

34.  In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, diluted

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  Plaintiffs' rights in the BMW® Trademarks; (ii) applied counterfeit marks; (iii)
2  misled the public into believing there is an association or connection between
3  Defendants and Plaintiffs and/or the products advertised and sold by Defendants
4  and Plaintiffs; (iv) used false designations of origin on or in connection with its
5  goods and services; (v) committed unfair competition; (vi) engaged in
6  counterfeiting; and (vii) unfairly profited from such activity.  Unless enjoined,
7  Defendants will continue to cause irreparable harm to Plaintiffs.

8                          **FIRST CAUSE OF ACTION**
9  **(Infringement of Registered Trademarks against Defendants XTREME INC.**
10  **d/b/a XPRITE USA, ZONGXIAN LIU and DOES 1 through 10, Inclusive)**
11                     **[15 U.S.C. §1114/Lanham Act §32(a)]**

12      35.    Plaintiffs hereby incorporate by reference each of the other allegations
13  set forth elsewhere in this Complaint as though fully set forth in this cause of
14  action.

15      36.    Plaintiffs have continuously used the BMW® Trademarks in interstate
16  commerce.

17      37.    Plaintiffs, as the owners of all right, title and interest in and to the
18  BMW® Trademarks, have standing to maintain an action for trademark
19  infringement under the U.S. Trademark Statute 15 U.S.C. §1114.

20      38.    Defendants are and at the time of their actions complained of herein
21  were actually aware that Plaintiffs are the registered trademark holders of the
22  BMW® Trademarks.

23      39.    Defendants did not and failed to obtain the consent or authorization of
24  Plaintiffs as the registered owners of the BMW® Trademarks to deal in and
25  commercially distribute, market and sell products bearing Plaintiffs' asserted
26  marks into the stream of commerce.

27      40.    Defendants intentionally and knowingly used in commerce the
28  reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs'

- 11 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit BMW® products bearing the BMW® Trademarks.

41. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered BMW® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit BMW® products bearing the BMW® Trademarks.

42. Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

43. Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

44. Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiffs request injunctive relief.

45. Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114. Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116,

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants XTREME INC. d/b/a XPRITE USA, ZONGXIAN LIU,and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

46.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

47.    Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125).   Plaintiffs' asserted marks are fanciful, inherently distinctiveand/or have otherwise acquired distinctiveness.

48.    Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

49.    Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

50.    On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  deceive and in blatant disregard of Plaintiffs' rights.

2        51.    Defendants knew, or by the exercise of reasonable care should have

3  known, that their adoption and commencement of use in commerce and continuing

4  use of marks that are confusingly similar to and constitute a counterfeit

5  reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or

6  deception among purchasers, users and the public.

7        52.    Defendants' egregious and intentional use and sale of fake, pirated

8  and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with

9  Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray,

10  and defraud consumers to believe that the substandard imitations are genuine

11  BMW® products.

12        53.    Defendants' continuing and knowing use of the BMW® Trademarks

13  constitutes false designation of origin and unfair competition in violation of

14  Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer

15  substantial and irreparable injury for which it has no adequate remedy at law.

16        54.    Defendants' wrongful conduct has permitted or will permit it to make

17  substantial sales and profits on the strength of Plaintiffs' marketing, advertising,

18  sales and consumer recognition.  As a direct and proximate result of Defendants'

19  wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of

20  sales of its BMW® products in an amount as yet unknown but to be determined at

21  trial, and have been deprived and will be deprived of the value of their marks as

22  commercial assets in an amount as yet unknown but to be determined at trial.

23  Plaintiffs seek damages and an accounting of Defendants' profits, and requests that

24  the Court grant Plaintiffs three times that amount in the Court's discretion.

25        55.    Based on Defendants' wrongful conduct, Plaintiffs are entitled to

26  injunctive relief as well as monetary damages, and other remedies as provided by

27  the Lanham Act, including Defendants' profits, treble damages, reasonable

28  attorneys' fees, costs and prejudgment interest.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**THIRD CAUSE OF ACTION**

**(Trademark Dilution against Defendants XTREME INC. d/b/a XPRITE USA, ZONGXIAN LIU, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1125(c)]**

56.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

57.     Plaintiffs' BMW® Trademarks are distinctive and famous within the meaning of the Lanham Act.

58.     Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' asserted marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks.  Defendants' conduct is willful, wanton and egregious.

59.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products. The actions of Defendants complained of herein have diluted and will continue to dilute the BMW® Trademarks and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

60.     Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

61.     As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15

U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendants XTREME INC. d/b/a XPRITE USA, ZONGXIAN LIU, and DOES 1 through 10, Inclusive)**

**[*California Business & Professions Code §17200 et seq.*]**

62.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

63.    By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code §17200 et seq*.

64.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

65.    Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

/ / /

66.    By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

67.    Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

68.    Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

69.    Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

70.    Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

WHEREFORE, Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG pray for judgment against Defendants XTREME INC. d/b/a XPRITE USA, ZONGXIAN LIU, and Does 1 through 10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

2. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. §1117(c).

4. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

7. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge

- 18 -

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

11. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiffs' reasonable attorney's fees;

15. For all costs of suit; and

16. For such other and further relief as the Court may deem just and equitable.

DATED:  July 3, 2017                    JOHNSON & PHAM, LLP

                                        By: _/s/_Marcus F. Chaney_____
                                        Christopher D. Johnson, Esq.
                                        Christopher Q. Pham, Esq.
                                        Marcus F. Chaney, Esq.
                                        Nicole Drey Huerter, Esq.
                                        Attorneys for Plaintiffs
                                        BMW OF NORTH AMERICA, LLC and
                                        BAYERISCHE MOTOREN WERKE AG

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG

3   respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.

4

5   DATED:  July 3, 2017                    JOHNSON & PHAM, LLP

6
                                           By: _/s/_Marcus F. Chaney_____
7                                          Christopher D. Johnson, Esq.
                                           Christopher Q. Pham, Esq.
8                                          Marcus F. Chaney, Esq.
                                           Nicole Drey Huerter, Esq.
9                                          Attorneys for Plaintiffs
10                                         BMW OF NORTH AMERICA, LLC and
                                           BAYERISCHE MOTOREN WERKE AG
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**