# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>XTREME, INC., et al.,<br><br>Defendants. | Case No: 5:17-cv-01335 SVW (SPx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANT XTREME, INC. D/B/A XPRITE USA AND DISMISSAL, WITH PREJUDICE**<br><br>**Hon. Stephen V. Wilson** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal ("Stipulation"), by and between Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "Plaintiffs"), and Defendant Xtreme, Inc. d/b/a Xprite USA ("Defendant") filed concurrently herewith, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant is hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third-party to engage in, any of the following activities as related to automobile ghost shadow lights in the United States and throughout the world:

(i) copying, manufacturing, importing, exporting, purchasing, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of BMW's intellectual properties, including but not limited to, the **BMW®** (USPTO Reg. Nos. 0,611,710; 0,613,465; 1,450,212; 2,816,178; and 4,293,991) and **M®** marks (USPTO Reg. Nos. 1,438,545; 3,526,899; 3,767,662; and 3,767,663) (collectively "BMW's Trademarks"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of BMW's Trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

(ii) using, advertising or displaying images and/or photographs of non-genuine BMW automobile products with any of BMW's Trademarks;

(iii) using, advertising or displaying BMW's Trademarks, including but not limited to BMW®- and/or M®-trademarks, to suggest that non-genuine BMW products being advertised are manufactured, sponsored or endorsed by BMW or advertising non-genuine BMW automobile parts or related products using descriptions that imply the products are genuine BMW products;

(iv) performing or allowing others employed by or representing Defendant, or under Defendant's control, to perform any act or thing which is likely to injure Plaintiffs, any of BMW's Trademarks, including but not limited to

the BMW® and/or M® trademarks and/or Plaintiffs' business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiffs or their products and services;

(v) engaging in any acts of trademark infringement, false designation of origin, dilution, unfair competition, or other act which would tend damage or injure Plaintiffs; and/or

(vi) using any Internet domain name or website that includes any of BMW's Trademarks, including but not limited to the BMW® and M® marks.

2. Defendant is ordered to deliver immediately for destruction all counterfeit, infringing or otherwise unauthorized products, including automobile ghost shadow lights and advertisements relating thereto, in Defendant's possession and/or under its control embodying, comprised, utilizing and/or bearing any of BMW's Trademarks.

3. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Permanent Injunction against Defendant.

5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction by Defendant.

6. **NO FEES AND COSTS.** Plaintiffs and Defendant shall each bear their own attorneys' fees and costs incurred in this matter.

/ / /

/ / /

/ / /

- 3 -
**[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL**

7. **DISMISSAL.** Upon entry of this Permanent Injunction against Defendant, the case shall be dismissed in its entirety, with prejudice.

IT IS SO ORDERED, ADJUDICATED and DECREED this 19th day of December, 2017.

_____
HON STEPHEN V WILSON
District Court Judge of the United States
Central District of California